UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

TREVIS GLASGOW

                                              Plaintiff

CV 12 - C.V. No. 3055

COMPLAINT

-against-

P.O. BERRY, I.D. #: 932308, (102 Pct.); individually
And in his capacity as a police officer,
and CITY OF NEW YORK

                                            Defendants

(Jury Trial Demanded
For all issues)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 18 2012 ★
BROOKLYN OFFICE

WEINSTEIN, J.
LEVY, M.J.

-------------------------------------------------------------X

The Plaintiff TREVIS GLASGOW, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

### PRELIMINARY STATEMENT

1.       This is a civil rights action in which the plaintiff TREVIS GLASGOW, seeks relief for the defendant's violation of plaintiff's rights secured by the Fourth and Fourteenth Amendments to the constitution of the United States, and of rights secured under common law and the constitution of the State of New York.

2.       Plaintiff seeks damages both compensatory and punitive, award of costs, interest, attorney's fees, and such other relief as the Court deems to be equitable and just.

### JURISDICTION

3.       This action is brought pursuant to 42 U.S.C. sec 1983 and sec. 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 42 U.S.C. sec 1983 and 28 U.S.C. sec. 1331 and 1343(3) and (4), this being an action seeking redress for violation of plaintiff's constitutional and Civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5. The plaintiff TREVIS GLASGOW is a legal permanent resident of the United States and was at all times herein a resident of the State of New York; the plaintiff is of full age to commence this action.

6. The defendant P.O. BERRY at all times hereinafter mentioned was and still is a resident of the State of New York who is and was employed as a police officer by the defendant CITY OF NEW YORK; he is being sued individually and in his official capacity.

7. The defendant CITY OF NEW YORK at all times hereinafter mentioned was and still is a municipal organization organized by virtue of the laws of the State of New York.

## NOTICE OF CLAIM

8. A notice of claim was duly filed with the comptroller of the City of New York within ninety (90) days of the occurrence of plaintiff's claims.

9. That the comptroller has duly acknowledged receipt of said notice of claim.

10. That the defendant City of New York conducted an oral examination of plaintiff on March 21, 2012 pursuant to General Municipal Law sec. 50-H.

11.     That at least thirty (30) days has elapsed since the presentation of plaintiff's claim for adjustment. The defendant CITY OF NEW YORK has failed, refused or neglected to make any adjustment or payment.

## FACTUAL ALLEGATIONS

12.     That on or about January 5, 2012 at approximately 7:30 A.M. at the intersection of Atlantic Avenue & Woodhaven Blvd. in the County of Queens, City and State of New York the defendant P.O. BERRY stopped the motor vehicle the plaintiff was operating, purportedly for violation of a traffic regulation. That defendant P.O. BERRY approached the plaintiff and requested plaintiff's license and vehicle registration in a rude manner.

13.     That the plaintiff politely and respectfully said "good morning" to the defendant BERRY and asked the officer why he had been stopped. The defendant-officer responded by saying words to the effect of don't ask me anything, just comply with my request, in a loud and angry manner.

14.     That as plaintiff was obtaining, producing, and presenting the requested documents the defendant BERRY violently and suddenly slammed the driver's door of the vehicle plaintiff was operating causing plaintiff's left hand to become injured.

15.     That when plaintiff screamed out in response to the trauma to his left hand the defendant BERRY accused him of faking injury and disregarded his complaint and injury.

16.     A co-occupant of the vehicle the defendant was operating called 911 and sought medical assistance for the plaintiff.

17.     That an ambulance responded to the location, however the defendant P.O. BERRY failed or refused to permit the ambulance personnel to examine or treat plaintiff, instead

the defendant directed the plaintiff out of the vehicle, and forcibly handcuffed plaintiff placed him under arrest and transported him to the 102 pct.

18.   That the defendant P.O. BERRY falsely, wickedly and maliciously charged the defendant with the crime of obstructing governmental administration, second degree (penal law sec. 195.05) and disorderly conduct (Penal law sec. 240.20(05)).

19.   That subsequent to his arrest and transportation to the 102 pct., the plaintiff was transported in leg shackles to Jamaica Hospital to obtain medical treatment for the injuries he sustained due to the conduct of the defendant P.O. BERRY

20.   That the plaintiff was arraigned in Queens County Criminal Court in the early morning hours on January 6, 2011and the false charges were adjourned in contemplation of dismissal.

21.   That solely as a result of the foregoing conducts of the defendant, the plaintiff sustained serious and lasting injuries.

## FIRST CAUSE OF ACTION

22.   The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

23.   The defendant's acting under color of State law, subjected plaintiff to the foregoing acts without due process pf law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff if his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## SECOND CAUSE OF ACTION

24. The plaintiff repeats reiterates and re-alleges each and every allegation set fourth in paragraphs numbered "1" through "21" with the same force and effect as though fully set forth at length herein.

25. Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1,6,8,9,11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities.

(a) Plaintiff was deprived of his right to be free from unreasonable seizures of his person, in violation of sec. 12 if the constitution of New York;

(b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

(c) Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution of the State of New York.

## THIRD CAUSE OF ACTION

**26.** Plaintiff repeats, re-alleges and reiterates each and every allegation set forth in paragraphs numbered "1" through "21" as though fully set forth at length herein.

**27.** That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

**28.** That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

**29.** That plaintiff was wholly innocent of the aforesaid criminal charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

**30.** That the defendants intended to confine the plaintiff, and the plaintiff was conscious of such confinement and did not consent to his confinement.

**31.** The acts of defendant BERRY was willful and with malicious disregard of plaintiff's rights and is therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION

**32.** That the Plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

**33.** That the defendants, their agents, servants and employees while acting under color of State law with intent to cause physical injury to plaintiff caused such injury to plaintiff by slamming the door to the vehicle plaintiff was operating, and thereby caused offensive hostile bodily contact to the plaintiff which was not in any way privileged.

**34.** That by reason of the aforesaid hostile and offensive contact by the defendants, their agents, servants and employees acting within the scope of their employment and authority the plaintiff was caused to suffer significant bodily injury which rendered him sick, sore, lame and disabled, and he suffered conscious pain and suffering.

## FIFTH CAUSE OF ACTION

**35.** The Plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

**36.** That the defendant, its agents, servants and employees while acting within the scope of their employment negligently caused serious physical injury to plaintiff.

**37.** That the plaintiff did not in any way contribute to his own injury, and said injuries were caused solely due to the defendant's negligence.

**38.** That as a result of the foregoing the plaintiff was caused to become sick, sore, lame and disabled, and plaintiff was caused to suffer conscious pain and suffering, and to be otherwise damaged.

**39.** The acts of defendant BERRY was willful and with malicious disregard of plaintiff's rights and is therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION

**40.** Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in this complaint with the same force and effect as if fully set forth at length herein.

**41.**     That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission, to"

(a)     Failed to perform their duties as a reasonable prudent police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

(b)     Hired and retained incompetent and unfit police officers whom they knew or should have known possessed aggressive properties and a lack of proper temperament.

(c)     Failed to exercise care instructing police officers as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

(d)     Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens.

(e)     Failed to establish meaningful procedures for disciplining or re-training officers who have engaged in such misconduct including officers who have been the subject of police misconduct claims

**42.**     That upon information and belief, all the acts by the individual defendant was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK.

**43.**     That upon information and belief the defendant CITY OF NEW YORK by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue.

**44.** That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages if police officers employed by defendant CITY OF NEW YORK.

**45.** Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the City of New York.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants.

   A.   Compensatory damages
   B.   Punitive damages
   C.   Attorney's fees together with costs and interest.
   D.   Such other and further relief as to the Court seems just and equitable.

Dated: South Hempstead, New York
       May 17, 2012

_____
**GARNETT H. SULLIVAN, ESQ.**
Attorney for Plaintiff
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575